UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CHRISTOPHER WHITE, Jr., )
)
Plaintiff, ) No. 2:10-CV-209-HRW
)
V. )
) **MEMORANDUM OPINION**
LAURA BRADLEY, *et al.*, ) **AND ORDER**
)
Defendants. )

\*\* \*\* \*\* \*\* \*\*

Plaintiff Christopher White, Jr. was confined in the Victorville Medium II Federal Correctional Institution ("FCI-Victorville") in Adelanto, California when he filed this *pro se* civil rights action asserting: (1) constitutional claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and (2) negligence claims under the Federal Tort Claims Act, ("the FTCA") 28 U.S.C. §§ 1346(b), 2671-2680. [D. E. No. 2].[1] White has been granted permission to proceed *in forma pauperis*. [D. E. No. 9].

---

[1] By accessing the "Inmate Locator" feature of the Bureau of Prisons' ("BOP") official website, www.bop.gov, the Court has learned that White, BOP Register No. 33352-037, is now confined in the Federal Correctional Institution-McDowell ("FCI-McDowell"), located in Welch, West Virginia. White did not apprise the Court of his new address, as he has been instructed to do.

The Court now screens the Complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[2] For the reasons set forth below, the Court will dismiss White's *Bivens* and FTCA claims as time-barred.

## CLAIMS ASSERTED AND RELIEF REQUESTED

White's claims arise from his prior confinement in the Federal Correctional Institution-Ashland, located in Ashland, Kentucky ("FCI-Ashland"). White alleges that in 2008, two FCI-Ashland employees, Defendant Laura Bradley, Physician's Assistant, and Defendant Traci Sanchez-Vanhoose, "medical provider,"[3] were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment of the United States Constitution. He demands $10,000,000.00 in damages and an Order revoking the defendants' medical licenses.

## ALLEGATIONS OF THE COMPLAINT AND SUPPLEMENTAL FILINGS

In 1999 White sustained a fall which resulted in the surgical placement of a

---

[2] The Court holds a *pro se* pleading to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Yet if a district court determines that the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief, it must dismiss the action. 28 U.S.C. § 1915(e)(2)(B).

[3] The Court takes judicial notice of the fact that on May 15, 2009, Traci Sanchez-Vanhoose, M.D., filed a sworn Declaration in another civil action in this Court, stating that she is licensed to practice medicine in the Commonwealth of Kentucky, and that in 2007 and 2008, she was formerly employed as the Clinical Director at FCI-Ashland. *See Sharpe v. Patton*, No. 0:08-CV-00058-HRW (E.D. Ky.) [Declaration of Sanchez-Vanhoose, D. E. No. 42-4].

titanium rod in his upper right leg. In his original Complaint, [D. E. No. 2], White alleged that in 2008, while confined in FCI-Ashland the injury caused him to experience pain and discomfort, and that on April 15, 2008, Bradley and Sanchez-Vanhoose refused to authorize both an evaluation by an outside orthopedic specialist and surgery to correct his hip and leg medical problems. He alleged that Bradley misread his X-ray results, refused to give him pain medication and revoked his lower bunk pass, his soft shoe pass as well as his "light duty" status at his prison job.

White alleged that the denial of "light duty" status at his prison job required him to perform tasks beyond his physical capabilities, that his physical condition worsened and that he was placed in the Segregated Housing Unit ("SHU") as a sanction for not doing his assigned tasks. White claimed that as a result of his SHU confinement, he lost numerous prison privileges and communication with his family.

White stated that after he was transferred to FCI-Victorville, medical staff there properly treated his condition, referred him to an orthopedic specialist who found evidence of deterioration of the implant in his leg and informed him that Bradley, a physicians' assistant, had not been qualified either to interpret his X-rays or diagnose his condition. White attached Dr. Louis C. Redix, Jr.'s January 8, 2010, letter stating that for White's fracture to heal properly, he should undergo a "dynamization" procedure to repair a loose screw in the metal rod. [D. E. No. 2-1, p. 1].

In 2008, White began to exhaust his claims against Bradley and Sanchez-Vanhoose through the Bureau of Prisons' ("BOP") administrative remedy procedure, set forth in 28 C.F.R. § 542.10-19.[4] White attached to his original Complaint a copy of the Mid-Atlantic Regional Offices' ("MARO") June 5, 2008, response to his BP-10 appeal. [D. E. No. 2-5, p. 1]. The MARO rejected White's appeal and request for pain medication, a lower bunk pass, and a soft shoe permit.

The MARO concluded that White had received proper medical treatment and medication, that the April 15, 2008 evaluation by White's medical provider showed no limitations of his range of motion or strength in his right hip and knee, that he had been able to walk with a normal gait and perform full body squats and that recent X-ray results ". . . revealed no acute boney abnormalities and good alignment of the rod in [White's] right upper leg." [*Id.*]. However, the MARO advised White that his

---

[4] Section 542.13(a) demands that an inmate first informally present his complaint to the staff by filing a BP-8, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden. If the inmate is not satisfied with the Warden's response, then he has 20 days from the date of the Warden's response in which to appeal (BP-230, formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located; for federal prisoners in the Eastern District to Kentucky, the appeal goes to the Mid Atlantic Regional Office of the BOP in Annapolis Junction, Maryland. If the prisoner is not satisfied with the Regional Director's response, within 30 days after the date of the Regional Director's response, he may appeal to the Office of General Counsel of the BOP, (BP-231, formerly BP-11). *See* § 542.15 (a) - (b). The BOP administrative remedy process takes approximately ninety (90) days to complete from the time the prisoner submits his BP-9 request, absent extensions.

primary care provider team would monitor his condition on an "as needed" basis, and encouraged White to work with that team regarding his health care issues. [*Id.*].

White attached no documentation showing that he then filed a BP-11 appeal to the BOP Central Office. However, in Section III of the Complaint form, entitled "Grievance Procedure," White was asked the following questions about his exhaustion efforts, and he provided the following responses:

1. **Did you file a grievance based on this complaint?** Yes [X]   No [ ]

2. **If so, where and when:** 2008) 4-15-08 - 1-01-09 Regional Office

3. **What was the result?** Denied me because of the PA lies.

4. **Did you appeal?** Yes [Box checked affirmatively]   No [ ]

5. **Result of appeal:** I went through all of my grievances. They all were knocked down and denied.

[D. E. No. 2, p. 3].

In more recent submissions, White states that he continues to experience pain and discomfort and complains that the medical staff at FCI-Victorville is not properly treating his condition. [D. E. Nos. 10 and 11]. However, he stated in his letter dated October 29, 2010, that Dr. Redix had performed the surgery "like three months ago" but that Dr. Redix "didn't have the right tools." [D. E. No. 10]. White stated that he developed an infection and alleged that the BOP was denying him proper follow up

5

surgery and medical care. He asks this Court to order the BOP to send him to an outside orthopedic specialist for evaluation and to pay for a second surgery to remove the loose screw and repair the metal rod. White also requested the appointment of counsel. [D. E. No. 10].

White has also submitted a copy of an FTCA administrative claim form, Standard Form 95-109, which he states that he submitted to the BOP on May 27, 2010. [D. E. No. 11-2, pp. 1-2]. The Claim Form is addressed to:

> Mid-Atlantic Regional Office
> Office of the Regional Counsel
> Junction Business Park
> 10010 Junction Drive, Suite 100-N
> Annapolis Junction, M.D. 20701

[*Id.*, § 1].[5]

White identified the date and day of accident as "4/15/2008 / 1/8/2010." [*Id.*, § 6]. In Section 8 of the Claim Form, White alleged "[o]n April 15, 2008, the BOP denied me medical treatment, pain medication, and appropriate surgery to fix my leg

---

[5]

White may have sent his FTCA claim form to the wrong address. According to the BOP's official website, www.bop.gov, the address for the BOP's Mid-Atlantic Regional office is as follows:

> Mid Atlantic Regional Office
> Federal Bureau of Prisons
> 302 Sentinel Drive
> Suite 200
> Annapolis Junction, MD 20701

and hip." [*Id.*, § 8]. He then stated that ". . . it was all denied through my medical provider Bradley, Laura PA-C." [*Id.*]. He alleged that the negligent medical treatment he received from Bradley at FCI-Ashland in 2008 caused his medical condition to worsen, caused him to experience pain and suffering, and subjected him to other adverse consequences of confinement.

In his November 4, 2010 supplemental filing, White stated that he would need more time to obtain copies of his BP-11 appeal and response, and complained that his his tort claim ". . . kept getting rejected at the Mid-Atlantic Office. I sent the first tort claim out on 5/27/10 and it never came back to me nor did anyone contact me telling me that it was received." [D. E. No. 11].

White states that on August 24, 2010, he submitted a second FTCA administrative claim form via certified mail, that no one signed for it, that it was returned to him and that he submitted the returned envelope and green card to the Court. [*Id.*].

### DISCUSSION
#### 1. *Bivens* Constitutional Claims

White's *Bivens* constitutional claims against the defendants are clearly time-barred. The applicable statute of limitations for a *Bivens* action arising in Kentucky is one year from the date on which the cause of action accrued. Ky. Rev.

Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). A claim accrues on the date on which the plaintiff first knew of, or had reason to know of, the existence of his claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

White stated in his Complaint and purported FTCA claim form that he knew that the defendants denied him proper medical treatment as early as April 15, 2008. Soon after that date he began administratively exhausting his claims through the BOP administrative remedy process and the MARO denied his BP-10 appeal less than two months later, on June 5, 2008. White stated in his November 4, 2010, letter that he filed a BP-11 appeal and received a response, neither of which he could locate. White's responses to the questions in the "Grievance Procedure," section of his Complaint, albeit somewhat confusing, indicate that the BOP Central Office denied his BP-11 on January 9, 2009.

Accepting that interpretation as true, because it is the most favorable to White, he then had one year from January 9, 2009, *i.e.*, until *January 9, 2010*, in which to file suit on his Eighth Amendment claims. White did not file this action until September 27, 2010, over eight months after the one-year deadline had expired on January 9, 2010. Thus, White's Eighth Amendment claims are barred by Kentucky's one-year statute of limitations for asserting claims for personal injuries.

## 2. **FTCA Claims**

The Court lacks subject matter jurisdiction over White's FTCA claims for several reasons. The FTCA is a limited waiver of sovereign immunity which permits an action against the United States for wrongful acts committed by its employees during the course of their employment. *See Fitch v. United States*, 513 F.2d 1013, 1015 (6th Cir. 1975); *United States v. Orleans*, 425 U.S. 807, 813 (1975). It is the exclusive remedy for such acts or omissions. 28 U.S.C. § 2679.

An FTCA action is barred, however, unless: (1) an administrative claim is presented to the appropriate federal agency for administrative settlement within two years of its accrual and (2) the agency has denied the claim. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111 (1993); *Garrett v. United States*, 640 F.2d 24, 25 (6th Cir. 1981). A claimant must then commence an action in federal court within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002).

Compliance with both statutory conditions is a jurisdictional prerequisite to filing suit under the FTCA in a federal court. The claim is barred absent satisfaction of both requirements. 28 U.S.C. § 2401(b); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002); *Rogers v. United States*, 675 F.2d 123 (6th Cir.1982); *Garrett*, 640 F.2d at 25. In other words, timely and complete administrative exhaustion and

compliance with these two statutes of limitations are conditions of the FTCA's waiver of sovereign immunity. *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). If the plaintiff fails to both file an administrative claim and receive a denial from the agency before filing suit, the district court has no subject jurisdiction over an FTCA claim against the United States, and must dismiss it. *See Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994). The plaintiff has the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

White alleges that he has submitted two FTCA administrative claims to the BOP (on May 27, 2010 and August 24, 2010, respectively) but he has no documentation showing that the BOP has denied his tort claims, perhaps because as noted, White may have mailed his FTCA administrative claim forms to the wrong address.

Yet, even accepting as true White's allegation that he submitted an FTCA administrative claim on May 27, 2010, the claim must be dismissed for two reasons. First, under 28 U.S.C. § 2675(a), the BOP has six months from the date on which an FTCA claim is submitted in which to consider such a claim. White filed this action on September 27, 2010, only four months after he submitted his FTCA claim form and two months prior to the expiration of the BOP's six-month consideration period.

Because White did not fully comply with the exhaustion requirement set forth in § 2675(a), his Complaint alleging negligence was premature, and the Court lacks subject matter jurisdiction over his FTCA claims.

Second, ignoring the defect set forth in preceding paragraph and simply assuming that the BOP failed to finally dispose of his FTCA claim within six months,[6] White did not timely submitted his FTCA claim within two-years *of its accrual*, as prescribed by 28 U.S.C. § 2675(a).

In his purported FTCA administrative claim form dated May 27, 2010, White clearly stated "**[o]n 4/15/2008** The Bureau of Prisons denied me medical treatment, pain medication and appropriate surgery to fix my legs and hip." [D. E. No. 11-2, p. 1] (emphasis added). Like his *Bivens* claims alleging Eighth Amendment deliberate indifference, White's negligence claims also accrued on April 15, 2008. According to White's Complaint, he did not submit his FTCA administrative claim until May 27, 2010, which was more than two years past the accrual date of April 15, 2008. Therefore, White's FTCA claims are time-barred under 28 U.S.C. § 2401(b).

---

[6]
Section 2675(a) provides in relevant part:
. . . .

The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

11

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." On this record, the Court lacks subject matter jurisdiction over White's FTCA claims, but will dismiss them without prejudice to White filing a new civil action asserting timely and properly delivered and exhausted FTCA claims.[7]

### 3. **Medical Claims Arising at FCI-Victorville**

White asserted numerous complaints about the medical treatment he was then receiving at FCI-Victorville, and asked this Court to order officials there to provide him with proper and necessary medical treatment. These claims have arose at FCI-Victorville, located in Adelanto, California, not in this district. If White has properly exhausted his FCI-Victorville claims through the BOP administrative remedy process, he should bring an action asserting his medical claims in the proper federal court in California, where venue over those individuals would be proper. *See* 28 U.S.C. § 1391(b)(2). If White has similar claims against FCI-McDowell prison officials, he should assert such properly exhausted claims in federal court in West Virginia.

---

[7] A third reasons exists for dismissing White's FTCA claims for lack of subject matter jurisdiction. "[T]he FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee. Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). White should note this procedural requirement should he file another FTCA action.

This Court lacks personal jurisdiction over FCI-Victorville officials, who are out-of-state individuals. *See Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). White neither alleges or demonstrates that FCI-Victorville prison officials have any connection, much less a substantial one, with Kentucky that would be sufficient for this Court to exercise jurisdiction over them.

Finally, because the Court has dismissed White's Bivens and FTCA claims, it will deny as moot his request for appointment of counsel.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff Christopher White, Jr.'s Eighth Amendment claims against Defendants Laura Bradley and Traci Sanchez-Vanhoose are **DISMISSED WITH PREJUDICE**.

(2) White's FTCA claims are **DISMISSED WITHOUT PREJUDICE**.

(3) White's construed Eighth Amendment claims against FCI-Victorville prison officials are **DISMISSED WITHOUT PREJUDICE** to White asserting those claims in the proper judicial district in California.

(4) The Clerk of the Court is directed to send a copy of this Memorandum Opinion and Order <u>and</u> attached Judgment to White, BOP Register No. 33352-037, at the Federal Correctional Institution-McDowell, P.O. Box 1009, Welch, West

Virginia, 24801.

(5)     Judgment shall be entered contemporaneously with this Order in favor of the Defendants.

This 15th day of June, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge